UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SARAH HASTINGS,

                                        Plaintiff,

        vs.                                                         5:26-CV-191
                                                                    (MAD/DJS)

ONONDAGA COUNTY, *et al*.,

                                        Defendants.

---

APPEARANCES:                                    OF COUNSEL:

SARAH HASTINGS
Newark, New Jersey
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

Plaintiff Sarah Hastings commenced this action on February 2, 2026, *pro se*, by bringing a complaint under 42 U.S.C. § 1983 alleging violations of her procedural and substantive due process rights, a fabrication of evidence claim, and a claim for municipal liability against the following Defendants: Onondaga County; Onondaga County Department of Social Services/Child Protective Services ("CPS"); Emily Martin in her individual and official capacities as a CPS caseworker; Jane and John Doe, CPS caseworkers, in their individual and official capacities; and Cheryl Jones, an attorney for the child, in her individual capacity. *See* Dkt. No. 1. These claims arise out of a family court matter. *See id.* On March 3, 2026, Magistrate Judge Daniel J. Stewart issued an Order granting Plaintiff's motion to proceed *in forma pauperis* and a separate Report-Recommendation and Order, recommending that this Court dismiss Plaintiff's complaint without prejudice and with leave to amend. *See* Dkt. Nos. 7, 8. Plaintiff has not filed any objections to

1

the Report-Recommendation and Order, and the deadline to file objections has expired.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(d).

"'As to a dispositive matter, any part of the magistrate judge's recommendation that has been properly objected to must be reviewed by the district judge *de novo*.'"  *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 358 (2d Cir. 2025) (quoting *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010)).  "If a party fails to properly object to the [report-recommendation], the district judge reviews the [report-recommendation] only for clear error."  *Id.* at 359 (citing FED. R. CIV. P. 72(b) advisory committee's note to 1983 amendment).  "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 229 (N.D.N.Y. 2012) (quotation and footnote omitted).  After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  U.S.C. § 636(b)(1).

As Plaintiff is proceedings *pro se*, "the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'"  *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted).  Pleadings filed by *pro se* litigants must be "liberally construed" by the Court, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), to "raise the strongest arguments that [the pleadings] suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citation and emphasis omitted).

As Plaintiff has not filed any objections, the appropriate standard of review is clear error. Here, the Court finds no clear error in Magistrate Judge Stewart's Report-Recommendation and

2

Order.  *See* Dkt. No. 8.  Magistrate Judge Stewart employed the proper legal standards, accurately recited the facts, and reasonably applied the law to those facts.  *See id*.

First, the Court agrees that Plaintiff's complaint fails to sufficiently plead state action with respect to Defendant Jones, the attorney for the child, because an attorney for the child in family court proceedings is not a state actor.  *See id.* at 4; *see also Milan v. Wertheimer*, 808 F.3d 961, 964 (2d. Cir. 2015).  The complaint also fails to plead that Onondaga County CPS is a proper party to this action, as a county's child protective services unit does not have a legal identity separate from the county itself.  *See* Dkt. No. 8 at 5; *see also Mulqueen v. Herkimer Cnty. Child Protective Servs*., 2023 WL 4931679, at *6 n.4 (N.D.N.Y. Aug. 2, 2023), *R. & R. adopted*, 2024 WL 756833 (N.D.N.Y. Feb. 23, 2024); *Friedman v. New York City Admin. For Children's Servs*., 504 Fed. Appx.  23, 27 n.3 (2d Cir. 2012) (summary order) (noting that municipal "agencies are not suable entities").  The Court agrees the complaint likewise fails to sufficiently plead a municipal liability claim against Onondaga County because Plaintiff fails to identify an injury caused by a municipal policy or custom or action by an individual with policymaking authority.  *See* Dkt. No. 8 at 5-6; *Werkheiser v. Cnty. of Broome*, 655 F. Supp. 3d 88, 109 (N.D.N.Y. 2023) (quoting *Harper v. City of New York*, 424 Fed. Appx. 36, 38 (2d Cir. 2011) (summary order)) (internal quotations and citations omitted).  The Court further agrees that the complaint fails to sufficiently plead that Defendants had personal involvement in the alleged constitutional violations.  *See* Dkt. No. 8. at 6.  Magistrate Judge Stewart is correct that Plaintiff's complaint, which is barely two pages, does not meet the requirements of Rule 8 of the Federal Rules of Civil Procedure.  *See id.* at 7-9.

Second, the Court finds no clear error in Magistrate Judge Stewart's recommendation that Plaintiff be permitted an opportunity to amend her complaint.  The Court agrees that if Plaintiff

amends their complaint, it must be a wholly-integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Jeanty v. Sciortino,* 669 F. Supp. 3d 96, 118-119 (N.D.N.Y. 2023). Any future pleading must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure and Plaintiff is referred to Magistrate Judge Stewart's Report-Recommendation and Order for further explanation on the appropriate pleading requirements. *See* Dkt. No. 8 at 8-9.

After carefully reviewing the Report-Recommendation and Order, the entire record in the matter, and the applicable Law, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order (Dkt. No. 8) is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE and WITH LEAVE TO AMEND**; and the Court further

**ORDERS** that Plaintiff shall file an amended complaint, if any, within **thirty (30) days** of the date of this Order; and the Court further

**ORDERS** that if Plaintiff fails to file an amended complaint within **thirty (30) days** of the date of this Order, the Clerk of the Court is respectfully directed to enter judgment against Plaintiff and close this case without further order from this Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 22, 2026
　　　Albany, New York

Mae A. D'Agostino
U.S. District Judge